IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CR-86-FL

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JEREMY RANDOLPH MARTIN, | ) | |
| Defendant. | ) | |

This matter is before the court following an evaluation of Defendant, Jeremy Randolph Martin, pursuant to 18 U.S.C. §§ 4241 and 4242. On March 18, 2015, a federal grand jury returned an indictment charging Martin with one count of receipt of child pornography and one count of possession of child pornography. On July 16, 2015, Martin filed a notice, pursuant to Rule 12.2(a) and (b) of the Federal Rules of Criminal Procedure, of an insanity defense and of his intention to present at trial expert testimony bearing on the issue of his guilt. On that same date, the parties filed a joint motion for evaluation pursuant to 18 U.S.C. §§ 4241 and 4242. An order was entered by the court committing Martin to the custody of the Attorney General for evaluation to determine whether he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, as well as to determine whether he was suffering a mental disease or defect rendering him insane at the time of the alleged offense. (*See* DE #22.)

Martin has since been evaluated at the Metropolitan Correctional Center in New York, the evaluation having been completed on or about September 15, 2015. In a competency evaluation report filed with the court on October 5, 2015, Dr. Dana Brauman, a forensic psychologist, opined

that it was her opinion that Martin "currently possesses a rational and factual understanding of the proceedings against him, has the capacity to assist legal counsel in his defense, and can adequately make decisions regarding his legal strategy." In a separate report concerning Martin's criminal responsibility, Dr. Brauman opined that Martin does not suffer from a mental disease or defect that "impair[s] his ability to appreciate the wrongfulness of his conduct" at the time of the alleged offense.

On November 10, 2015, a hearing was held pursuant to 18 U.S.C. § 4247(d), at which Martin was present and represented by counsel, Joseph Craven, and Assistant United States Attorney William Gilmore represented the government. Martin was afforded the opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and examine any witnesses who might have appeared at the hearing. Martin, through counsel, chose not to object to the findings of the reports or to present any evidence relating to his competency to stand trial or his criminal responsibility at the time of the alleged offense.

Having carefully considered the psychological evaluation reports and the record in this case and having personally observed the defendant in this case, the court hereby ADOPTS the findings set forth in psychological evaluation reports. Based upon those findings, the court further finds, by a preponderance of the evidence, that Martin is not presently suffering from a mental disease or defect that impairs his ability to understand the nature and consequences of the proceedings against him or his ability to assist counsel in his defense. The court further finds that there is no objective evidence indicating that at the time of the alleged offense Martin suffered from a condition that rendered him unable to appreciate the nature, quality or wrongfulness of his actions. Accordingly, the court determines that Martin is competent to proceed in this matter and

that no further action need be taken at this time concerning Martin's competency or criminal responsibility.

This 10th day of November 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge