UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-00086-FL

**United States of America**,

v.

**Jeremy Randolph Martin**,

          Defendant.

**Memorandum & Recommendation**

      Jeremey Randolph Martin is currently awaiting trial on two child pornography-related charges. He seeks an order from this court suppressing evidence obtained from his laptop, cell phone, and USB drive, as well as certain statements made to law enforcement on the ground that this evidence was obtained in violation of the Fourth Amendment. Specifically, Martin claims that law enforcement violated the Fourth Amendment by conducting a warrantless search of his person and property. He also claims that the evidence and statement at issue were derived from that unconstitutional search. The Government contends that Martin's motion should be denied because it is untimely and because the officers' actions did not violate the Fourth Amendment.

      After reviewing the parties' briefs and the testimony presented at an evidentiary hearing, the undersigned magistrate recommends that Martin's motion to suppress be denied. As a preliminary matter, Martin's motion is untimely and he did not establish good cause for his failure to file within the time provided by the scheduling order. Even if the motion were timely, it should still be denied because Martin was not subjected to an unconstitutional search. The Fourth Amendment is not implicated where, as here, law enforcement observes a laptop computer left out in the open in a public place. Moreover, the conditions of Martin's post-release supervision authorized his probation officers to conduct warrantless searches of his

person and property. As the Fourth Circuit has previously held, warrantless searches conducted pursuant to such a condition are consistent with the Fourth Amendment. Martin is therefore not entitled to the exclusion of the physical evidence obtained through a warrantless search by his probation officers. Accordingly, based upon both procedural and substantive grounds, it is recommended that Martin's motion to suppress be denied.

**I.     Background**

On May 21, 2014, Microsoft Corporation reported to the National Center for Missing and Exploited Children ("NCMEC") that it had located at least four images on its OneDrive file hosting service that contained child pornography. Microsoft also provided NCMEC with the email address associated with the account, howlingwolf.martin7072@gmail.com; the name associated with the account, Jeremy Martin; the IP address used to upload the images at issue, which was associated with a mobile phone service provider; and the images themselves. NCMEC forwarded this information to the North Carolina State Bureau of Investigation, who subsequently assigned the matter to Special Agent Hickman. Hickman's investigation of various social media sites associated with the email address provided by Microsoft led him to the conclusion that the OneDrive account containing the suspect images belonged to Jeremy Randolph Martin.

Subsequent investigation by law enforcement uncovered that Martin had been convicted by the State of North Carolina for various sex offenses. In February 2014, the North Carolina Department of Public Safety released Martin from custody but placed him on post-release supervision. In connection with his post-release supervision, Martin was subject to a number of conditions, including that he would "submit at reasonable times to searches of [his] person,

2

Case 5:15-cr-00086-FL   Document 44   Filed 02/03/16   Page 2 of 9

premises, or any vehicle under [his] control by [his] supervising officer for purposes reasonably related to [his] supervision." D.E. 38-2 at 6.

On May 28, 2014, Detective Ouellette received a cyber tip from NCMEC regarding Martin's Microsoft OneDrive account. Two days later, on May 30, Detective Ouellette obtained a search warrant for the contents of the OneDrive account and served the warrant on Microsoft. Several weeks later, on July 11, 2014, Ouellette received a response from Microsoft. The responsive materials included information about the account and various image files stored on the OneDrive account. The image files depicted images that Ouellette believed met North Carolina's statutory definition of child pornography.

Two weeks later, on July 25, 2014, Ouellette learned that Raleigh Police Officer Michael Hammerstein had recently responded to a call of a disturbance related to Martin and his computer. Martin allegedly became upset because he believed that another person had used his computer without Martin's permission. Martin relayed that he was concerned about the unauthorized use of his computer because a friend of his, who was also a sex offender, recently got in trouble when someone used the friend's computer without permission and looked at child pornography. Martin was concerned that an unauthorized user of his computer could do the same thing. During the course of this conversation, Officer Hammerstein noticed that Martin had a photo of a young girl on his screen. However, the photo did not appear to be sexually explicit and was more akin to a family photograph.

After reviewing this report, Detective Ouellette set out to find Martin and interview him about the contents of the OneDrive account. Ouellette was concerned that after Martin had an encounter with law enforcement related to his laptop, he would delete any child pornography in his possession. Ouellette contacted the Wake County Probation Office to discuss the conditions

3

of Martin's post-release supervision and to arrange a meeting with Martin's probation officer. The Probation Office confirmed that Martin was subject to warrantless searches by as a condition of his post-release supervision. Ouellette and the probation officers agreed to meet at the homeless shelter where they believed Martin resided.

Once at the shelter, Ouellette learned that Martin had already left the shelter for the day.[1] Ouellette then met with Probation Officers Murphy and Morris outside the shelter and brought them up to speed on his investigation. Ouellette and the probation officers then attempted to locate Martin at a number of locations known to be frequented by shelter residents.

Ultimately, Officer Bruno, a Raleigh Police Officer who assisted in finding Martin, located Martin at 220 Snow Avenue, which is the address of a center providing services to homeless individuals. When Bruno entered the building, he saw Martin seated on a chair with his back to Bruno working on his laptop. Officer Bruno asked Martin to step outside to speak with him and Martin agreed. Once outside, Officer Bruno called Detective Ouellette to tell him that Martin had been located at 220 Snow Avenue. When Ouellette arrived at 220 Snow Avenue, he observed Martin outside on the sidewalk with his possessions, including the computer, on the ground. Ouellette and the probation officers confronted Martin, at which time Ouellette seized the computer.

The probation officers reminded Martin of the warrantless search provision of his post-release supervision conditions and requested permission to search all of his property other than his laptop and cell phone, which Martin granted. The probation officers proceeded to conduct a warrantless search of the items Martin had in his possession and located both a cell phone and a USB drive. Ouellette seized these items as well.

---

[1] The shelter required its residents to leave the premises during daytime hours. Audio Tr. Jan. 20, 2016 at 2:49:28 to 2:49:35.

The probation officers then asked Martin if he would be willing to return to the shelter to allow them to search any belongings he stored there. After Martin agreed, the probation officers and Ouellette returned to the shelter. The search of Martin's belongings uncovered nothing of interest.

After the search ended, Ouellette asked Martin if he would be willing to discuss "suspicious activity over the internet that was traced back to him." Martin agreed to speak with Ouellette and eventually confessed to downloading child pornography and storing it on his computer. Ouellette arrested Martin on three counts of second-degree sexual exploitation of a minor.

Subsequently, Martin obtained a search warrant to search the laptop, USB drive, and cell phone. The search yielded one image of child pornography and one image of child erotica. These images were separate from the images that were stored on the OneDrive account. Ultimately, a federal grand jury indicted Martin on one count of possessing child pornography and one count of receiving child pornography.

Shortly after Martin's initial appearance, the court entered a scheduling order which governed, among other things, the deadline for filing pretrial motions. After extending the pretrial motion deadline multiple times (D.E. 19, 27, 29), the court set the deadline for December 1, 2015. However, Martin's motion to suppress was ultimately filed on December 16, 2015. The government responded on December 17, 2015, and the court held an evidentiary hearing on January 20, 2016.

**II.     Discussion**

Martin's motion fails on both procedural and substantive grounds. First, Martin's motion is untimely and he has not established good cause for his untimely filing. Next, Martin cannot

5

establish that law enforcement violated his fourth amendment rights. The factual premise of Martin's motion—that an officer with the Raleigh Police Department conducted a warrantless search of Martin and his property—is not supported by the evidence. Instead, the evidence shows that Martin's laptop was in plain view in a public place and probation officers conducted a warrantless search of his belongings as authorized by the conditions of his post-release supervision. Under these circumstances, Martin cannot establish a violation of his Fourth Amendment rights.

### A. Martin's Motion is Untimely

The Government initially argues that Martin's motion should be denied because it was not filed within the time specified in the court's scheduling order. Under Rule 12 of the Federal Rules of Criminal Procedure, courts may set deadlines for the filing of pretrial motions. Fed. R. Cr. P. 12(c)(1). The Rule goes on to provide that for several types of motions, including motions to suppress evidence, if a party fails to meet the motion for filing a pretrial motion, "the motion is untimely." Fed. R. Cr. P. 12(c)(3). However, if the moving party establishes good cause for the untimely filing, the court may consider the motion anyway. *Id.*

Here, there is no question that Martin's motion was untimely. The Court's scheduling order required all pretrial motions to be filed on or before December 1, 2015. D.E. 29. However, Martin's motion was not filed until December 16, 2015. D.E. 38. Therefore, unless Martin can establish good cause for his untimely filing, the motion must be dismissed.

Martin's counsel attempted to establish good cause for the untimely filing based upon his client being hard of hearing and the fact that he was incarcerated some distance away. Audio Tr. Jan. 20, 2016 at 2:06:20 to 2:08:30. Although the court understands how these circumstances can make the attorney/client relationship more difficult, counsel failed to explain why these

6

difficulties precluded him from filing the motion within the time provided by the court's scheduling order. This omission is particularly glaring in light of the multiple extensions of the pre-trial motions deadline. Therefore, Martin has failed to establish good cause for his untimely filing and the district court should dismiss his motion on this basis.

      **B.     Law Enforcement Did Not Violate Martin's Fourth Amendment Rights**

Martin claims that that Detective Ouellette violated his Fourth Amendment rights when he conducted a warrantless search of Martin's person and his property. The Fourth Amendment protects "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures…." U.S. Const. amend. IV. Any search conducted without a warrant is presumptively unreasonable and violates the Fourth Amendment unless one of a number of exceptions to the warrant requirement apply. *Mincey v. Arizona*, 437 U.S. 385, 390 (1978).

Martin's motion is based on the assertion that Detective Ouellette violated his Fourth Amendment rights when Ouellette conducted a warrantless search of Martin and his property on July 25, 2014. D.E. 38 at 1. Martin claims that although he was subject to warrantless searches by his probation officers due to the conditions of his post-release supervision, the conditions did not authorize Ouellette to conduct a warrantless search. Martin also maintains that there were no exigencies present that would have authorized a warrantless search. Thus, Martin contends, Ouellette's warrantless search violated the Fourth Amendment's prohibition on unreasonable searches and the evidence Ouellette obtained from the search should be excluded.

However, contrary to Martin's assertion, the evidence presented to the court establishes that Ouellette did not search Martin or his property. Instead, Martin's laptop was in plain view when Ouellette and two probation officers arrived at 220 Snow Avenue (Audio Tr. Jan. 20, 2016

7

at 2:28:37 to 2:28:53), and it was the probation officers, not Ouellette, who searched Martin's property, (*id.* at 2:30:08 to 2:30:09). Ouellette's observation of Martin's laptop did not constitute a search for purposes of the Fourth Amendment because merely observing an item left out in plain view does not constitute a search. *United States v. Jackson*, 131 F.3d 1105, 1108 (4th Cir. 1997). Moreover, the warrantless search of Martin's belongings by the probation officers did not violate Martin's Fourth Amendment rights because such a search was authorized by the conditions of his post-release supervision.[2] D.E. 38-2 at 6. Therefore, Ouellette did not violate Martin's Fourth Amendment rights and his motion to suppress should be denied.[3]

### III. Conclusion

As discussed in more detail above, it is recommended that Martin's Motion to Suppress Evidence (D.E. 38) be denied because it is untimely and because it fails to establish a violation of Martin's Fourth Amendment rights.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel. Each party shall have until 14 days after service of the Memorandum and Recommendation on the party to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject,

---

[2] The Fourth Circuit has held that North Carolina's requirement that individuals subject to post-release supervision submit to warrantless searches that are reasonably related to the conditions of their supervision is constitutionally permissible. *See United States v. Midgette*, 478 F.3d 616 (4th Cir. 2007).

[3] In light of the court's recommendation regarding Martin's allegation of a warrantless search, it is unnecessary to address his contentions regarding the seizure of the laptop, Martin's statements to law enforcement, or evidence ultimately obtained from his property because those contentions were all derivative of Martin's position regarding the warrantless search.

or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: February 3, 2016.

*Robert T. Numbers II*
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE

9

Case 5:15-cr-00086-FL   Document 44   Filed 02/03/16   Page 9 of 9