IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-86-FL-1
NO. 5:18-CV-586-FL

| | |
|---|---|
| JEREMY RANDOLPH MARTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (DE 92), and respondent's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 99). The issues raised have been fully briefed, and in this posture are ripe for decision. For the reasons that follow, the court denies petitioner's motion, allows respondent's motion, and denies a certificate of appealability.

**BACKGROUND**

On March 18, 2015, petitioner was indicted for one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). With the benefit of a plea agreement, petitioner pleaded guilty to possession of child pornography on August 16, 2016.[1] (Transcript of Plea Hearing ("Plea Tr.") (DE 82)). On March 8, 2017, petitioner was sentenced to 120 months in prison. (Judgment (DE 74)).

---
[1] The charge of receipt of child pornography was dismissed upon motion of the government.

Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). The Fourth Circuit dismissed petitioner's appeal, concluding that petitioner executed a valid waiver of his right to appeal. The United States Supreme Court ("Supreme Court") denied certiorari. On December 13, 2018, petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Thereafter, respondent moved to dismiss petitioner's § 2255 petition.

## DISCUSSION

A. Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B. Analysis

1. Waiver

"[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d

216, 220 (4th Cir. 2005). The court "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016). "In the absence of extraordinary circumstances, a properly conducted Rule 11 colloquy establishes the validity of the waiver." Id. (citing Lemaster, 403 F.3d at 221); United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). Errors are generally within the scope of a waiver of collateral review unless the issues raised "'could not have reasonably contemplated' when the plea agreement was executed." United States v. Poindexter, 492 F.3d 263, 272 (4th Cir. 2007) (quoting United States v. Blick, 408 F.3d 162, 172 (4th Cir. 2005)); see Copeland, 707 F.3d at 529.[2]

Petitioner and respondent entered into a plea bargain, where respondent agreed to dismiss count one of the indictment and recommend a term of imprisonment of 120 months. (Plea Agreement (DE 58) at 6). In exchange, petitioner agreed to plead guilty to count two of the indictment and

> waive knowingly and expressly all rights . . . to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [petitioner] at the time of [petitioner's] guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

---

[2] A waiver of the right to collaterally attack a conviction will not be upheld if petitioner is able to show actual innocence. Wolfe v. Johnson, 565 F.3d 140, 160 (4th Cir. 2009) (citing House v. Bell, 547 U.S. 518, 536–37 (2006)); United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Petitioner does not challenge his conviction on the basis of actual innocence, and in any event he could not meet the exacting standard for proving the same. See Bousley v. United States, 523 U.S. 614, 623 (1998).

3

(Plea Agreement (DE 58) at 1-2). At arraignment, petitioner affirmed that he waived his rights pursuant to his plea agreement. (See Plea Tr. (DE 82) 20:20-23:8). The court concludes petitioner knowingly and voluntarily waived his right to collaterally attack his conviction. See Adams, 814 F.3d at 182; (see also Order (DE 83) at 1).

Petitioner raises five different constitutional challenges to his sentence. The first four are that 1) evidence was illegally seized in violation of the Fourth Amendment and should have been suppressed, 2) petitioner's statements to police should have been suppressed, 3) his sentence is based on an unconstitutionally vague statute, and 4) Congress does not have to power to make possession of child pornography a federal crime. Petitioner's first four challenges could have been reasonably anticipated at the time petitioner entered into his plea agreement. See Blick, 408 F.3d at 172. Therefore, petitioner's first four grounds for relief in his § 2255 petition fall within the scope of his waiver precluding collateral attack.

Petitioner argues that his sentence is "illegal," and that an appeal waiver can never bar the appeal of an illegal sentence. (Pet. Mem. (DE 103-1) at 1). Petitioner is partly correct that general waivers of appeal do not preclude review of a "narrow class of claims." See Lemaster, 403 F.3d at 220 n.2. Those claims include 1) review of a sentence imposed in excess of the maximum penalty provided by statute, 2) review of a sentence based on a constitutionally impermissible factor such as race, or 3) a claim of ineffective assistance of counsel. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, petitioner's first four grounds for relief do not fit any of these categories. The court dismisses grounds one through four of petitioner's § 2255 petition for failure to state a claim.

4

2. Ineffective Assistance of Counsel

Plaintiff's fifth and final ground for relief is ineffective assistance of counsel. As noted above, even a knowing and voluntary waiver of right to appeal cannot bar a claim of ineffective assistance of counsel. Johnson, 410 F.3d at 151; see also Massaro v. United States, 538 U.S. 500, 504 (2003) (holding exhaustion of direct appeals is not required for § 2255 claims of ineffective assistance of counsel). Therefore, the court turns to the substance of plaintiff's claim.

To sustain an ineffective assistance of counsel claim, petitioner must demonstrate counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that counsel's deficient performance prejudiced petitioner. See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). In evaluating allegations of deficiency, "[c]ourts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, in order to avoid the distorting effects of hindsight." Merzbacher, 706 F.3d at 363 (internal quotation marks and citations omitted). To prove prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "[P]etitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). "The challenger's subjective preferences . . . are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012).

A review of the record shows counsel's performance was not deficient, with one exception discussed below. Counsel filed a detailed motion to suppress evidence on petitioner's behalf,

5

arguing the government violated petitioner's Fourth Amendment rights. (See Mot. To Suppress (DE 38); Transcript of Suppression Hearing ("Supp. Tr.") (DE 47) 72:12-76:11). Moreover, counsel helped petitioner procure a plea agreement where petitioner pleaded guilty to count two of the indictment, and in exchange the government dismissed count one. (Plea Agreement (DE 58) at 1, 6). Counsel ensured that, even with enhancement, the statutory minimum for petitioner's term of imprisonment would be ten years instead of 15 years. See 18 U.S.C. § 2252(b)(1), (b)(2). Counsel also argued at sentencing that the statutory minimum sentence was unconstitutionally vague, and that the solicitation crime for which petitioner previously had been convicted should not trigger a statutory minimum for his sentence. (Transcript of Sentencing Hearing (Sent. Tr.) (DE 80) 5:21-8:9, 11:21-12:12). These actions do not fall below an objective standard of reasonableness. See Merzbacher, 706 F.3d at 363.

Counsel did admit at suppression hearing that he untimely submitted petitioner's motion to suppress. (Supp. Tr. (DE 47) 6:19-8:10). Failure to timely file motion to suppress without good cause is objectively unreasonable. See Kimmelman v. Morrison, 477 U.S. 365, 385 (1986). However, the court considered and disposed of petitioner's motion to suppress on the merits. (See Order (DE 49) at 6 n.2). Therefore, there is no objectively reasonable probability petitioner would have rejected his plea agreement and proceeded to trial. Hill, 474 U.S. at 59.

Petitioner argues that counsel failed "to argue or cite all arguments or case law citations during evidence suppression hearing." (Pet. Mem. (DE 92-1) at 1). The showing required for ineffective assistance is that counsel's performance is objectively unreasonable. Strickland, 466 U.S. at 687-88. Although counsel may not have anticipated "all arguments" or cited "all cases," a review of the record indicates counsel raised the issues relevant to petitioner's motion to suppress.

6

(See Mot. To Suppress (DE 38); Transcript of Suppression Hearing ("Supp. Tr.") (DE 47) 72:12-76:11). Consequently, the court dismisses petitioner's claim for ineffective assistance of counsel.

C. Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence (DE 92) is DENIED, and respondent's motion to dismiss (DE 99) is ALLOWED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of May, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge